UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

KEVIN WILLIAMS,

                       Plaintiff,                    Case No. 2:10-cv-130

v.                                        Honorable Gordon J. Quist

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

                       Defendants.

_____/

**<u>OPINION</u>**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On September 3, 2010, this Court dismissed Plaintiff's complaint for immunity or for failure to state a claim against Defendants Michigan Department of Corrections (MDOC), Patricia Caruso, Greg McQuiggin, James Bolton, K. Woods, and M. Wallace. The Court ordered service of the complaint against Defendant Amanda Winnicki. (Sept. 3, 2010 Op. & Order, docket ##4, 5.) Plaintiff now seeks reconsideration of the dismissal of Defendants MDOC, Patricia Caruso, Greg McQuiggin, James Bolton, K. Woods, and M. Wallace. (Mot., docket #6.)

        Under FED. R. CIV. P. 54(b), a non-final order is subject to reconsideration at any time before entry of a final judgment. Pursuant to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled . . . [and] that a different disposition of the case must result from correction thereof." In his motion, Plaintiff clarifies certain allegations made in

his complaint and asserts new allegations against Defendants Caruso, McQuiggin, and Bolton.[1]

Plaintiff's new allegations are that: (1) Defendants Bolton and McQuiggin violated his constitutional rights by denying grievances and grievance appeals; and (2) Defendants McQuiggin, Bolton, Wallace and Caruso violated his constitutional rights by ignoring the unconstitutional actions of the librarian Defendants. (Mot., Page ID ##293-294, 303.)

Plaintiff's allegations that Defendants Bolton and McQuggin violated his constitutional rights by denying grievances and grievance appeals fails to state a claim. (Mot., Page ID # 293; Ex. 13, Page ID #205; Ex. 22, Page ID ##244, 249.) A prisoner has no constitutional right to any effective grievance procedures or access to any such procedure voluntarily established by the state. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Miller v. Haines*, No. 97-3416, 1998 WL476247, at *1 (6th Cir. Aug. 3, 1998). Moreover, it is clear that Plaintiff was able to use the grievance process. He simply disagreed with Defendants' decision to reject his grievances, which states no claim of constitutional dimension. *See Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at*1 (6th Cir. Aug. 3, 1998) (prisoner's allegation that grievance was improperly rejected does not present a deprivation of any federal right, as there is no inherent constitutional right to an effective prison grievance procedure). Even if Defendants' rejection of the grievance and grievance appeal was erroneous, Plaintiff has no basis for a claim of constitutional dimension. Accordingly, the Court finds that Plaintiff's new allegations fail to state a claim.

---

[1] To the extent Plaintiff offers new allegations to further support his claims, the Court need not review evidence which could have been submitted earlier, but was not. *Daimler Chrysler Serv. N. Am., LLC v. Summit Nat., Inc.*, 144 F. App'x 542, 548 (6th Cir. 2005) (finding no error in trial court's decision to deny motion for reconsideration where "[t]he additional evidence before the court in connection with the motion to reconsider was all available to Daimler Chrysler at an earlier time."). However, the Court will address Plaintiff's new allegations and finds them to be without merit.

Plaintiff next alleges that McQuiggin, Bolton, Wallace and Caruso knew that his constitutional rights were being violated by other Defendants and failed to address the situation. (Mot., Page ID ##294, 303.) Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants McQuiggin, Bolton, Wallace and Caruso engaged in any active unconstitutional behavior. Accordingly, Plaintiff's new allegations fail to state a claim against them.

Regarding his access to the courts claims, Plaintiff alleges that Defendant Wallace told Defendant Winnicki, not Defendant Woods, that Plaintiff did not need copies to comply with the Court's order in *Williams v. Kent*, No. 1:09-cv-481 (W.D. Mich.). (Mot., Page ID # 292.) As set forth in the September 2, 2010 Opinion, Plaintiff has not demonstrated that he was prejudiced in pending civil federal case *Williams v. Kent*, No. 1:09-cv-481 (W.D. Mich.). Therefore, he cannot make the necessary showing to warrant reconsideration under Local Rule 7.4(a).

Plaintiff further alleges that Defendants Woods and Winnicki refused to make copies in the direct appeal of his criminal conviction pending in state court. (Mot., Page ID # 292; *see also People v. Williams*, No. 296521 (Mich. Ct. App.).) Plaintiff states that he has been unable to "argue constitutional violations in [his] criminal case because of [a] lack of documents." (Mot., Page ID # 305.) However, since the time Plaintiff filed this motion for reconsideration he has filed, through counsel, a motion to extend time to file the appellant's brief, which was granted. *See People v. Williams*, No. 296521 (Sept. 29, 2010 Mot. & Oct. 8, 2010 Order) (Mich. Ct. App.). Therefore, Plaintiff has failed to demonstrate the actual injury necessary to support a claim for a violation of his rights to access the courts. Accordingly, Plaintiff also fails to "demonstrate a palpable defect by which the Court and the parties have been misled . . . [and] that a different disposition of the case must result from a correction thereof." Western District of Michigan Local Civil Rule 7.4(a).

Plaintiff asserts that the MDOC does not have immunity. As set forth in this Court's September 3, 2010 Opinion, the MDOC is immune under the Eleventh Amendment. Plaintiff therefore fails to demonstrate the palpable error under Local Rule 7.4(a). (9/3/10 Op., Page ID # 279-80, docket #4.)

Lastly, Plaintiff claims that Defendant Woods, not Defendant Winnicki, retaliated against him because of their disagreement over legal copies. (Mot., Page ID #292.) Although the Major Misconduct referenced in the complaint was written by Defendant Winnicki (Ex. #26, Page ID #265), Plaintiff's allegation that Defendant Woods retaliated against him is sufficient to state a claim. Therefore, this Court will order service upon Defendant Woods.

## Conclusion

Upon review, Plaintiff's motion will be granted in part and denied in part. The Court will vacate its September 3, 2010 opinion and order insofar as it dismissed Defendant K. Woods and

will serve the complaint against him.  For the reasons set forth previously and above, this Court

finds no error in its decision dismissing Defendants Michigan Department of Corrections, Patricia

Caruso, Greg McQuiggin, James Bolton, and M. Wallace and Plaintiff's Motion for Reconsideration

fails to meet the standard set forth by Rule 7.4(a).

An Order consistent with this Opinion will be entered.


Dated:  November 12, 2010                                   /s/ Gordon J. Quist
                                                           GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE