UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KEVIN WILLIAMS,

        Plaintiff,

v.                                                  Case No. 2:10-CV-130

MICHIGAN DEPARTMENT OF                HON. GORDON J. QUIST
CORRECTIONS, et al.,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff has filed an Objection to the Report and Recommendation dated December 9, 2010, in which Magistrate Judge Greeley recommended that the Court deny Plaintiff's motion for a prohibitory injunction. Plaintiff requested an injunction preventing prison staff from filing frivolous complaints, harassing Plaintiff in the form of unnecessary shakedowns, and destroying, obstructing, rejecting, or interfering with correspondence and property. The magistrate judge recommended that Plaintiff's motion be denied for the reasons that Plaintiff failed to show both a substantial likelihood of success on the merits as well as irreparable harm. In addition, the magistrate judge concluded that the interests of third parties and the public at large in the efficient administration of prisons weighs against affording Plaintiff the requested injunctive relief.

After conducting a *de novo* review of the Report and Recommendation, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be adopted.

Plaintiff fails to offer any persuasive reason to conclude that the magistrate judge's recommendation should be rejected. Plaintiff asserts that he has shown a likelihood of success on the merits of his claim because this Court previously concluded that Plaintiff's retaliation claims against Defendants Winnicki and Woods stated a claim and were not frivolous, thus warranting service. (9/3/10 Opinion and Order, docket nos. 4, 5; 11/12/10 Opinion and Order, docket nos. 17 and 18.) However, Plaintiff confuses the standard for determining whether a claim should be dismissed for failure to state a claim with the burden a party seeking injunctive relief bears in demonstrating a likelihood of success on the merits. In determining whether a claim is sufficient to avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). *See also Tele-Commc'ns of Key West, Inc. v. United States*, 757 F.2d 1330, 1340 (D.C. Cir. 1985) ("The complaint states a claim and, regardless of the likelihood of success, if the complaint states a claim it must withstand the Rule 12(b)(6) motion to dismiss."); *Thornton v. Schwarzenegger*, No. 10cv01583 BTM (RBB), 2011 WL 90320, at *6 (S.D. Cal. Jan. 11, 2011) ("Although Thornton's allegations may be sufficient to state a claim for relief, it is still too early for the Court to determine Plaintiff's likelihood of success on the merits."). Thus, it is irrelevant that the Court previously concluded that Plaintiff states a claim for retaliation. As the magistrate judge correctly concluded, Plaintiff failed to demonstrate a strong or substantial likelihood of success on the merits.

The Court further concludes that the magistrate judge correctly concluded that Plaintiff failed to demonstrate irreparable harm absent injunctive relief, because Plaintiff seeks only relief with

regard to speculative future events, and he may pursue his administrative and legal remedies for any future alleged constitutional violations in separate lawsuits.

In light of Plaintiff's failure to demonstrate both a strong or substantial likelihood of success and irreparable harm, the balance of the applicable considerations weighs strongly against the requested injunctive relief. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 9, 2010 (docket no. 22) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Prohibitory Injunction (docket no. 8) is **DENIED**.


Dated: April 25, 2011                                              /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE