UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN WILLIAMS,

        Plaintiff,              Case No. 2:10-cv-130

v.                                  HON. GORDON J. QUIST

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983 against Defendants Michigan Department of Corrections, Patricia L. Caruso, Greg McQuiggin, Amanda Winnicki, James Bolton, Kylie Woods, and M. Wallace. The court ordered service on Defendants Winnicki and Woods, and dismissed the remaining Defendants for failure to state a claim. On December 27, 2010, Defendants Winnicki and Woods filed a motion to dismiss for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) (docket # 28). Plaintiff filed a response (docket # 34) on January 31, 2011. Upon review, I recommend that Defendants' motion to dismiss be granted.

        A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).

In Plaintiff's *pro se* complaint, he alleges that while he was confined at the Chippewa Correctional Facility (URF), Defendants Winnicki and Woods violated his First Amendment rights. Plaintiff alleges that on April 15 and 16, 2010, he was denied access to the courts when Defendants Winnicki and Woods refused to make copies of documents he needed to comply with the Case Management Order in another civil rights action, *Williams v. Kent*, No. 1:09-cv-481 (W.D. Mich.). (Compl., docket #1.) Plaintiff also claims that Defendant Wallace told Defendant Wood that he did not need copies in order to comply with the court's order. (*Id.*, Page ID #12.) Plaintiff also asserts

2

that Defendant Winnicki retaliated against him by giving him a major misconduct because he requested legal copies, told her that she violated a Policy Directive, and told her that she denied him access to the courts. (*Id.*, Page ID #18.)

Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being

3

grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Plaintiff alleges that Defendants Winnicki and Woods denied him access to courts by refusing to make copies required for his pending legal action. Plaintiff filed step I and step II grievances against both Defendants, alleging that Defendants denied Plaintiff's constitutional right to access the courts. (Defendants' Exhibit B.) However, Plaintiff failed to file a step III grievance. In support of their motion, Defendants offer the affidavit of Richard D. Russell, Acting Manager of Grievance and Appeals Section for the MDOC. Mr. Russell attests that he caused a search of the

4

grievance tracking database to be performed on October 13, 2010, and that the search revealed that Plaintiff never filed a step III grievance appeal regarding any of the allegations in his complaint. (Defendants' Exhibit C, ¶¶ 4-6.)

In addition, Defendants note that although Plaintiff filed a grievance against Defendants regarding the denial of access to the courts, he failed to file a grievance concerning his claim that Defendant Winnicki retaliated against him for engaging in litigation activities. The grievance filed by Plaintiff only pertains to his allegations that Defendants Winnicki and Woods denied his constitutional right to access to the courts, but never mentioned the retaliation. (Defendants' Exhibit B.) Thus, Defendants have met their burden of showing that Plaintiff did not exhaust his administrative remedies prior to filing this civil rights action against them. For the foregoing reasons, I recommend that Defendants' motion to dismiss (docket #28) be granted and this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion to dismiss, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 26, 2011